UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1129(DSD/RLE)

Craig Robert Licari,

       Petitioner,

v.                                      **ORDER**

Lynn Dingle, Warden,

       Respondent.

This matter is before the court upon petitioner Craig Robert Licari's pro se objection to the report and recommendation of Chief Magistrate Judge Raymond L. Erickson, dated November 27, 2006. In his report, the magistrate judge recommends that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and this action dismissed with prejudice. Upon a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation in its entirety.

**DISCUSSION**

The first, second and fourth grounds in the § 2254 petition allege violations of petitioner's Fourth Amendment rights based on the lawfulness of his arrest and the constitutionality of the search conducted at his rented storage unit. The magistrate judge correctly concluded that a review of the merits of petitioner's

Fourth Amendment claims is barred by the doctrine set forth in Stone v. Powell, 428 U.S. 465 (1976). Petitioner "may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" if the state of Minnesota provided him "an opportunity for full and fair litigation" of his Fourth Amendment claims. Stone, 428 U.S. at 494. Under Stone, a Fourth Amendment claim is unreviewable by a federal habeas court unless "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim" or "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc). Further, it is not for this court to consider "whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. The magistrate judge correctly found that the state of Minnesota has provided petitioner an opportunity for full and fair litigation of his Fourth Amendment claims. As a result, petitioner may not relitigate those claims under 28 U.S.C. § 2254.

Petitioner also objects to the magistrate judge's conclusion that petitioner did not object to the remand hearing ordered by the Minnesota Supreme Court on the suppression issues implicated by the search of the storage unit. Petitioner cites to the transcript of the remand proceeding wherein his attorney objected to the

continuation of the suppression hearing and the finding of additional facts by the trial court on remand.  Petitioner argues that the Minnesota Supreme Court abused its discretion when it remanded the suppression issues to the trial court for further findings of fact because the remand violated the Lothenbach plea agreement procedure, the "rule of law" and his Fourteenth Amendment right to due process.  See State v. Lothenbach, 296 N.W.2d 854, 857 (Minn. 1980).

Petitioner, however, did not challenge the constitutionality of the continuation of the suppression hearing on direct appeal. See State v. Licari, No. A04-512, 2004 WL 2663408 (Minn. Ct. App. Nov. 23, 2004).  Further, petitioner has not identified how the evidentiary hearing ordered by the Minnesota Supreme Court was "'contrary to'" or an "'unreasonable application'" of clearly established federal law, as determined by the United States Supreme Court.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (quoting 28 U.S.C. § 2254(d)(1)).

The court finds that the report and recommendation of the magistrate judge is well reasoned and correctly recommends denial of the petition for habeas corpus relief.  Therefore, following a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge [Docket No. 10] in its entirety.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Respondent's motion to dismiss the petition for a writ of habeas corpus relief [Docket No. 5] is granted.

2.   Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1] is denied.

3.   This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 28, 2006

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court